## JAMES H. FARLEY, Respondent, v. JAMES GLEASON, Appellant.

### No. 4446; March 11, 1875.

**Public Land—Pre-emption—Necessity of Residence.**—The pre-emption laws require a personal residence on the land; consequently a removal by the claimant to and his residing on other lands is presumptively a forfeiture of the claim.

**Public Land—Pre-emption—Excuse for Absence.**—To withhold his pre-emption claim from forfeiture because of his failure to reside actually on the land, an appellant cannot raise the question of justifiable or excusable absence when the record shows the absence to have been voluntary.

APPEAL from Third Judicial District, Alameda County.

B. B. Newman for respondent; J. M. Wood for appellant.

RHODES, J.—The premises in controversy are public lands of the United States, and were subject to pre-emption entry. The defendant, as we understand the findings, possessed the qualifications of a pre-emptor, and entered upon the lands for the purpose of securing the right of pre-emption and filed his declaratory statement, and, at the time of the commencement of this action, held the possession of the land under the claim of such right. The plaintiff's prior possession, unaccom-

panied with any other right, was not sufficient to protect him against the entry of the defendant; but, in order to render the entry and ouster by the defendant wrongful, the plaintiff must have held the possession under or by virtue of the laws of the United States. Prior to the defendant's entry the plaintiff had—or, for the purposes of the case, it may be assumed that he had—the right of pre-emption. The court found that he had rented the land and removed therefrom to a distant portion of the state, where he was residing at the time when the defendant entered. The pre-emption laws require a personal residence upon the land, and consequently a removal of the claimant to, and a residence upon, other lands is presumptively a forfeiture of the claim. But the plaintiff contends that the removal from the land and the acquiring of a residence elsewhere may have been done under such circumstances that these acts would not work a destruction of his claim—may have been compulsory, or, on some other ground, excusable. The answer to this position is that the record presents the case of a voluntary abandonment by the plaintiff of his residence on the land, and no question arises as to whether that act was justifiable or excusable.

Judgment reversed and cause remanded, with directions to enter judgment for the defendant.

We concur: Niles, J.; Crockett, J.; McKinstry, J.

I dissent: Wallace, C. J.